Dear Mr. Cassidy:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Jefferson Davis Parish Police Jury, you have asked for our opinion concerning the use of parish road workers to help unload and distribute food commodities to senior citizens.
Your request indicates that one week each month, several boxes of food and other commodities are delivered to the fair grounds, which is owned by the police jury. This food net program is supervised by the local Council on Aging. Due to the weight and quantity of the boxes, it takes several days to unload and distribute these items to qualified senior citizens. Consequently, at the request of the Council on Aging, the police jury assigned several road workers to help with this task.
Specifically, you ask whether the police jury can assign this task to parish road workers since the workers are paid with Transportation Act funds. If not, does the police jury have authority to hire people to perform this task using general funds.
Louisiana Revised Statute 48:753 provides the following with respect to the Parish Transportation Fund:
 § 753. Use of the fund
 A. The monies in the Parish Transportation Fund shall be used:
 (1) To regulate the proportion and direction and the making and repairing of the roads, bridges, causeways, dykes, dams, levees, and highways when, in the opinion of the parish governing authority, such work will further the best interest of the parish and the parish road system.
 (2) To maintain private driveways in connection with a general road *Page 2 
improvement program within the right of way of a public road or highway owned by the parish when such maintenance serves a public purpose.
 (3) To purchase equipment for road work at the discretion of the parish governing authority.
 (4) To assist in the cost of providing public transit.
 (5) In addition, a parish governing authority, upon request of the governing authority of any incorporated municipality within the parish, may perform all or any part of the repair, maintenance, and care of roads, streets, alleys, bridges, and culverts and other drainage facilities, situated within and under the jurisdiction of such incorporated municipality.
 (6) In addition, provided that the project cost does not exceed the contract limit as defined by R.S. 38:2212, and provided that the parish governing authority indemnifies the state for any loss or injury arising therefrom, a parish governing authority may perform maintenance work on state highway rights of way as follows:
 (a) Install culverts in drainage ditches after acquisition of and in compliance with any permit as required by the department.
 (b) Clean out ditches and work on shoulders of state highways. The local governing authority shall notify the Department of Transportation and Development not less than five days prior to the commencement of such work.
 (c) Patch potholes on aprons connecting parish and state highways. The local governing authority shall notify the Department of Transportation and Development not less than five days prior to the commencement of such work.
Our reading of the above-reference statute fails to reveal any authority to either use or otherwise expend Transportation Act funds in connection with the unloading and/or distribution of food items and other commodities. As such, we do not believe the police jury can assign this task to parish road workers.
With respect to the police jury hiring individuals to perform this task, such a question must be addressed in light of Louisiana Constitution Article VII, Section 14 which provides, in pertinent part, the following: *Page 3 
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
Art. VII, Sec. 14 clearly prohibits the donation of public funds. However, Louisiana Constitution Article VII, Sec. 14 (B) provides exceptions to the general prohibition against the gratuitous alienation of public funds. For example, Louisiana Constitution Article VII, Sec. 14 (B)(1) provides the following:
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; . . .
In earlier interpretations of this Article, this office found that a political subdivision may contribute public funds to a systematic program of financial aid to the needy with objective eligibility requirements so that the plan truly serves only the needy. See Attorney General Opinion Nos. 76-57; 81-60.
Based upon the information available to our office, we have reason to believe the food net program has in place an established program of financial assistance to the needy. Such financial assistance being in the form of food and other commodities. We also have reason to believe this program has objective eligibility criteria. Accordingly, we believe the Jefferson Davis Parish Police Jury may contribute public funds or otherwise hire people to aid in the unloading and distribution of food items and other commodities to qualified senior citizens. We believe such an arrangement satisfies the requirements of the Article VII, Section 14 (B)(1) and does not amount to a prohibitive donation.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt